**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 06 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WEINSTEIN & RILEY PS; WILLIAM S. WEINSTEIN,

        Plaintiffs - Appellants/Cross-Appellees,

  v.

WESTPORT INSURANCE CORPORATION, a Missouri corporation,

        Defendant - Appellee/Cross-Appellant.

Nos. 11-35324 and 11-35341

D.C. No. 2:08-cv-01694-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted May 10, 2012
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

The parties cross-appeal the judgment of the district court after a

three-day bench trial in this insurance coverage dispute. We have jurisdiction under

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

28 U.S.C. § 1291 and we affirm.

1.    *Application of an incorrect legal standard.* Plaintiffs William Weinstein and Weinstein & Riley claim that the district court failed to apply the correct legal standard from *Continental Casualty Co. v. Board of Education*, 489 A.2d 536, 544–45 (Md. 1985). The district court, however, correctly quoted the exact language of *Continental Casualty* when it announced the legal standard it was using. Findings of Fact and Conclusions of Law at 42, ¶ 33. Plaintiffs' contention that this language was dicta is unpersuasive. There was no error here.

2.    *Duty to defend.* The district court found that Defendant Westport Insurance Corporation did not breach its duty to defend. With respect to the Washington litigation, Defendant accepted its duty to defend Plaintiffs against the "failure to withdraw" claim under a reservation-of-rights letter, but Plaintiffs rejected Defendant's choice of counsel. Findings of Fact and Conclusions of Law at 12–14. With respect to the Oregon litigation, no complaint was ever filed *against* Plaintiffs that included potentially covered claims. The district court interpreted the duty to defend in the insurance policy as encompassing only claims filed against an insured, and not claims filed by an insured. Plaintiffs do not challenge these findings on appeal.

Instead, the court recharacterized the parties' dispute as one over the amount

of costs that were "reasonably related" to the covered litigation. Findings of Fact and Conclusions of Law at 36, ¶ 14. Plaintiffs do not address the district court's reasoning on this specific point. We see no error in it.

3. *Duty to investigate.* With respect to the Oregon litigation, the district court found no violations of Defendant's duty to investigate after January 15, 2008. Westport did investigate but determined there was no duty to defend in the Oregon suit. And prior to January 15, there was no duty to defend or investigate because the insured had not tendered the claim to the insurance company. *See Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 873 (Wash. 2008). We affirm these findings.

With respect to the Washington litigation, there was no violation of the duty of good faith based on a failure to investigate. *See Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1137 (Wash. 1986). In a reservation-of-rights situation, "an insurance company must fulfill an enhanced obligation to its insured *as part of its duty of good faith*," which includes a "thorough[] investigat[ion of] the cause of the insured's accident and the nature and severity of the plaintiff's injuries." *Id.* (emphasis added). However, "delay alone does not constitute bad faith because it d[oes] not constitute an unfounded and frivolous denial of benefits." *Felice v. St. Paul Fire & Marine Ins. Co.*, 711 P.2d 1066, 1071 (Wash. Ct. App. 1985).

Therefore, we agree with the district court that there was no bad faith failure to investigate the tender of the Washington litigation.

4.    *Selection of independent counsel.* The district court found that the insurance policy did not give Plaintiffs the right to select defense counsel, and that there was thus no error in Defendant's failure to inform Plaintiffs of this right. We affirm because there is no evidence that the breach, if any, caused damage to Plaintiffs. At all times during the Washington and the Oregon litigation, they were represented by their own counsel. *See Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1261 (Wash. Ct. App. 2009) (finding no harm where insured was "represented by competent counsel who aggressively defended [the insured's] interests").

5.    *Attorney's fees for this lawsuit.* Plaintiffs contend they are entitled to an award of attorney's fees for the present suit under *Olympic Steamship Co. v. Centennial Insurance Co.*, 811 P.2d 673 (Wash. 1991). However, "*Olympic Steamship* authorizes an award of attorney fees only if the insured is required to litigate an issue of coverage, as opposed to the value of the claim." *Woo v. Fireman's Fund Ins. Co.*, 208 P.3d 557, 566 (Wash. Ct. App. 2009). The district court found that "the sole dispute in which [Plaintiffs] did prevail involved the amount of attorney's fees Westport must reimburse, rather than whether Westport

4

was required to reimburse attorney's fees in the first instance." Findings of Fact and Conclusions of Law at 61, ¶ 87. Because this is equally true on appeal, we affirm.

6.   *"Reasonably related" expenses in the Oregon suit.* On cross-appeal, Defendant argues that the district court erred in awarding Plaintiffs $18,000 in attorney's fees expended on work done in the Oregon litigation, because the Oregon litigation was not "reasonably related" to the Washington litigation. Although it is a close question, we affirm because the issue of whether expenses are "reasonably related" is a question of fact. *See Cont'l Cas.*, 489 A.2d at 544 ("Application of a reasonable relationship standard, as we have defined it above, will depend upon the facts."); *id.* at 545–46 ("[I]f the trier of fact . . . concludes that it was reasonable for counsel to pursue that theory of defense, then there may be a basis for a factual finding that legal research on [uncovered] theories is reasonably related to [covered issues]."). There was no clear error in the district court's findings.

7.   *Litigation expenses in the Washington suit.* Defendant argues that it was error to assign Plaintiffs 100% of their litigation costs in the Washington suit, because the costs should have been allocated between covered and uncovered claims under *Waite v. Aetna Casualty & Surety Co.*, 467 P.2d 847 (Wash. 1970).

5

But we have characterized *Waite* as holding "that defense costs must be allocated when there exists a reasonable basis for doing so," and have affirmed the refusal to allocate costs where "[t]he court found it impossible." *Baugh Const. Co. v. Mission Ins. Co.*, 836 F.2d 1164, 1173 (9th Cir. 1988). Here, the district court found that it "ha[d] no basis for allocating the costs incurred in connection with these motions among the various claims asserted in the lawsuit." Findings of Fact and Conclusions of Law at 63, ¶ 92. Because Defendant gives no reason to overturn this determination other than claiming that the district court was "bound to follow" *Waite*, we affirm.

AFFIRMED.